In re Robb Thomas TURNER, a/k/a Robb Turner, Robb T. Turner and Robert Turner and Judith Ann Turner, a/k/a Judith A. Turner, Judith Turner, Judy Turner, Judy A. Turner, Mrs. Robb Turner, Mrs. Robb T. Turner, Mrs. Rob Thomas Turner, Debtors.

Robb Thomas TURNER, a/k/a Robb Turner, Robb T. Turner and Robert Turner and Judith Ann Turner, a/k/a Judith A. Turner, Judith Turner, Judy Turner, Judy A. Turner, Mrs. Robb Turner, Mrs. Robb T. Turner, Mrs. Rob Thomas Turner, Plaintiffs,

v.

DETROIT AND NORTHERN SAVINGS, National Direct Student Loan Service, University of Wisconsin-Green Bay; National Direct Student Loan Service, University of Wisconsin-Madison; Peoples Marine Bank; University of Wisconsin-Stout; University of Wisconsin-Madison; State of Wisconsin, Wisconsin Higher Education Committee; Wisconsin Higher Education Committee-GSL; and Financial Collections Agencies, Michigan Department of Education, Defendants.

Bankruptcy No. 3–84–2059.
Adv. No. 3–85–288.

United States Bankruptcy Court,
D. Minnesota,
Third Division.

Dec. 1, 1986.

pursuant to the Federal and Local Rules of Bankruptcy Procedure.

## I.

Plaintiffs seek a hardship discharge under 11 U.S.C. § 523(a)(8)(B) with respect to the following educational loans:

1. Wisconsin Higher Education Corporation—$13,391.06 which includes interest through November 1, 1986.
2. Detroit & Northern Savings and Michigan Department of Education—$974.57, plus interest accrued since date of loan.
3. University of Wisconsin System (Stout, Green Bay and Madison)
   a. as to Judith Ann Turner—$4,997.00, plus interest at 3 percent per annum from commencement of loan;
   b. as to Robb Turner—$4,695.00 plus interest at 3 percent per annum from commencement of loan.

Plaintiff Robb Turner is 36–years old, has a bachelor of arts degree in Urban Studies, received in 1978, and is presently employed as a Work Placement Specialist, for ALFA Opportunities of Jamestown of North Dakota, at a salary of $15,700.00 per year. Additionally, Turner has completed 27 post-graduate credits in the field of vocational rehabilitation and would qualify for a masters degree upon successfully completing a thesis, serving a three-month internship, and completion of an additional twelve credits.

Judy Turner is 34–years old, has a bachelor of arts degree in Home Economics Education, received in 1982, and is unemployed. The Turners were married in 1973 and have four children, ages 12, 4, 3 and 1 years. The Turners' monthly family living expenses are presently:

| | |
|---|---|
| Rent | $ 250.00 |
| Electricity | 85.00 |
| Other Utilities | 100.00 |
| Health Insurance | 109.00 |
| Life Insurance | 23.00 |
| Groceries | 300.00 |
| Clothing | 50.00 |
| Car Insurance | 24.00 |
| Medical Dental | 56.00 |

Brant R. Beeson, Thorwaldsen, Beeson & Malmstrom, Detroit Lakes, Minn., for plaintiffs.

Mark Matus, Lansing, Mich., for Michigan Dept. of Educ.

Patricia B. Hodulik, Madison, Wis., for University of Wisconsin-Green Bay, University of Wisconsin-Madison, University of Wisconsin-Stout.

William Olson, Madison, Wis., for Wisconsin Higher Educ. Corp.

Kevin Patrick Carroll, Rosemont, Minn., for Financial Collection Agencies.

DENNIS D. O'BRIEN, Bankruptcy Judge.

This adversary proceeding came on for trial October 23, 1986, on complaint of the Debtors seeking dischargeability of certain student loans owing the various named Defendants. Appearances are noted in the record. Based upon the testimony and exhibits heard and received at trial, pre-and-post-trial briefs, and upon all the records and files herein, the Court being fully advised in the matter, now makes this Order

**64**

| | |
|---|---|
| Car Expense | 60.00 |
| Telephone | 45.00 |
| **TOTAL** | **$1,102.00** |

Although Robb Turner's average monthly take-home pay is $1,200.00, pay stubs for the two, two week pay periods prior to the trial disclosed that he received a net amount of $1,059.35 for the total four-week period. Turner does not expect a wage increase in the near future, his position is dependent upon funding by the State of North Dakota and his employment is subject to termination on two-weeks' notice at any time. Turner has no retirement plan.

The Turners own no real estate and have no personal property of consequential value. They do own two vehicles: a 1973 Oldsmobile station wagon with 73,000 miles; and a 1970 Chevrolet Nova with 78,000 miles. Both vehicles are in need of significant repair.

## II.

Plaintiffs seek discharge of their student loans on the basis of hardship. Defendants resist, claiming that Plaintiffs' educational status provides them with the capacity to earn substantially higher income in the future, and that their present circumstances are largely the result of their own making. Defendants argue that Plaintiffs' election to have children during a period when they were also incurring student loan indebtedness was irresponsible and bordered on bad faith. The substantial portion of Plaintiffs' prepetition debt sought to be discharged in their Chapter 7 bankruptcy constitutes student loan debt.

 As the Defendants know, and unfortunately as the Plaintiffs have discovered through experience, college degrees do not guarantee financial success. From the Plaintiffs' employment history, their overall history and circumstances, and from their demeanor at trial, it appears highly unlikely that these individuals will ever earn significantly higher income in constant dollars, then they presently earn. On the other hand, their living expenses, which appear somewhat understated, will certainly increase. These are good people who, like many others, pursued a dream to provide, through education, a better life for themselves and a better environment for their children. Although their expectations were perhaps somewhat unrealistic, this Court cannot conclude that the taking of student loans and the coincident building of their family in pursuit of the dream evidenced either bad faith or irresponsibility.

There is no realistic possibility for Plaintiffs to pay, or even service, these loans in the foreseeable future. This is not a case where a debtor with good-future earning potential, seeks to launder student loan debt through bankruptcy in bad faith prior to crossing over a threshold into prosperity. Under the circumstances here, excepting these debts from discharge would clearly impose an undue hardship on them and their dependents.

ACCORDINGLY, IT IS HEREBY ORDERED, the foregoing student loan debts are dischargeable under 11 U.S.C. § 523(a)(8)(B) and are hereby discharged.

Let Judgment Be Entered Accordingly